PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Email:  jpomerantz@pszjlaw.com
        jmorris@pszjlaw.com
        gdemo@pszjlaw.com
        hwinograd@pszjlaw.com

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy., Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Email:  MHayward@HaywardFirm.com
        ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P., the Highland Claimant Trust, and James P. Seery, Jr., solely in his capacities as Chief Executive Officer of Highland Capital Management, L.P. and Trustee of the Highland Claimant Trust*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re<br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br>   Reorganized Debtor | Bankr. Case No. 19-34054-sgj11 |
| HUNTER MOUNTAIN INVESTMENT TRUST,<br>   Appellant,<br>v.<br>MUCK HOLDINGS, LLC; JESSUP HOLDINGS, LLC; FARALLON CAPITAL MANAGEMENT, LLC; STONEHILL CAPITAL MANAGEMENT, LLC; HIGHLAND CAPITAL MANAGEMENT L.P.; JAMES P. SEERY, JR.; and THE HIGHLAND CLAIMANT TRUST,<br>   Appellees. | Case No. 3:23-cv-00737-N |

**THE HIGHLAND PARTIES' OBJECTION**
**TO HUNTER MOUNTAIN INVESTMENT TRUST'S OPPOSED MOTION FOR**
**EXPEDITED BRIEFING SCHEDULE ON MOTION FOR INTERLOCUTORY APPEAL**

Highland Capital Management, L.P. ("HCMLP"), the reorganized debtor in the above-referenced bankruptcy case, the Highland Claimant Trust (the "Trust"), and James P. Seery, Jr., solely in his capacities as Chief Executive Officer of HCMLP and the Claimant Trustee ("Mr.

1

Seery" and, together with HCMLP and the Trust, the "Highland Parties"),[1] by and through their undersigned counsel, hereby submit this objection (the "Objection") to the *Opposed Motion for Expedited Briefing Schedule on Motion for Interlocutory Appeal* [Document No. 4] (the "Motion to Expedite") filed by Hunter Mountain Investment Trust ("HMIT"). In support of the Objection, the Highland Parties represent as follows:

## OBJECTION

1. In the spring of 2021, James Dondero ("Mr. Dondero")[2] supposedly learned that Mr. Seery and others engaged in allegedly wrongful conduct. Later that year, Dondero sought pre-suit discovery in Texas state court under Texas Rule of Civil Procedure 202 and caused at least two letters to be filed in the Executive Office of the United States Trustee ("EOUST") concerning the alleged wrongful conduct. Dondero's first Rule 202 petition was removed to the Bankruptcy Court, later remanded to Texas state court, and then dismissed after a contested hearing by the Texas state court. The EOUST letters likewise failed to gain any traction. Thwarted in their plan, HMIT filed its own Rule 202 Petition based on the very same allegations previously asserted by Mr. Dondero. HMIT's Rule 202 Petition was dismissed by a different Texas state court on March 8, 2023.

---

[1] HMIT recently expressed a concern that the interests of HCMLP and the Trust may conflict with those of Mr. Seery. To address HMIT's professed concern, Mr. Seery is in the process of retaining personal counsel. Mr. Seery's counsel expects to file a Notice of Appearance early this week, but the Highland Parties are filing this Objection—with the consent of Mr. Seery and his prospective counsel and without waiting for an order of the Court—to dispose of this matter expeditiously.

[2] HMIT is a purported investment trust created by Mr. Dondero in 2015 and effectively controlled by him since that time. HMIT was created to, among other things, accept the transfer of Mr. Dondero's and Mark Okada's personal or trust interests in HCMLP and shield the former HCMLP partners from hundreds of millions of dollars of taxable income. HMIT, whose new "administrator" is a long-time Dondero employee, is a defendant in an action brought by the Litigation Sub-Trust of the Trust and owes the reorganized HCMLP bankruptcy estate more than $90 million. Upon information and belief, HMIT (a) is controlled by Dondero, (b) owes Mr. Dondero and Mr. Okada over $70 million, and (c) has no independent business, source of revenue, or assets other than its contingent unvested interest in the Trust.

2. After Mr. Dondero and HMIT spent more than 18 months unsuccessfully trying to bypass the Bankruptcy Court, HMIT filed an emergency motion in the Bankruptcy Court[3] on March 28, 2023, for leave to file a complaint against Mr. Seery and others (the "Underlying Motion"). The proposed complaint arises from the same alleged conduct Dondero supposedly learned of in the spring of 2021, and which was the subject of the failed Rule 202 petitions in Texas and the letters sent to the EOUST. The Underlying Motion was required by "gatekeeper" protections included in prior Bankruptcy Court orders[4] that were known to Messrs. Dondero and Patrick (HMIT's new titular head) since at least June 2021, which is when they were held in contempt of court for violating those orders.

3. HMIT now appeals an interlocutory order entered by the Bankruptcy Court denying HMIT's motion for an expedited hearing on the Underlying Motion.[5] In its Motion to Expedite, HMIT asks this Court to trim from 14 days to *three* the Highland Parties' (and other putative defendants') time to file substantive responses to the Underlying Appeal.

4. As established below, the so-called "emergency" propping up these filings is entirely of HMIT's own making. HMIT's attempt to shift blame for the consequences of its own strategic decisions—or to create "facts" in support of its anticipated "equitable tolling" defense— must fail.

---

[3] *See Hunter Mountain Investment Trust's Emergency Motion for Leave to File Verified Adversary Proceeding* [Bankr. Doc. No. 3699].

[4] Most notably, the "gatekeeper" provisions of the Bankruptcy Court's order confirming HCMLP's Chapter 11 plan of reorganization, provisions recently affirmed by the Fifth Circuit Court of Appeals (*NexPoint Advisors, L.P. v. Highland Capital Mgmt., L.P. (In re Highland Capital Mgmt., L.P.),* 48 F.4th 419 (5th Cir. 2022)) following an appeal of that order by several Dondero-owned and -controlled entities.

[5] HMIT appeals the *Order Denying Application for Expedited Hearing* [DE # 3700] (the "Order"), entered on March 31, 2023, by the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court"), a copy of which is attached as **Exhibit A** to *Hunter Mountain Investment Trust's Notice of Appeal* dated April 4, 2023, a copy of which is attached as **Exhibit 1** to *Hunter Mountain Investment Trust's Emergency Motion for Leave to File Interlocutory Appeal* (the "Underlying Appeal"), which is attached to the *Notice of Transmittal* filed as Document No. 1.

5. Notwithstanding the prejudice the Highland Parties may suffer by expedition of the Underlying Appeal, the Highland Parties (a) intend to file their substantive response to the Underlying Appeal on Thursday, April 13, by 5:00 p.m. Central Time, and (b) request that the Court direct HMIT to file any reply by noon on April 14 or at such other time as this Court deems just and proper under the circumstances. Ultimately, the Highland Parties expect to directly address the Underlying Motion in the Bankruptcy Court as required by the Bankruptcy Rules.

## ARGUMENT

**A.   Messrs. Dondero and Patrick Have Long Known of the Gatekeeper Requirements**

6. Messrs. Dondero and Patrick have long known that "gatekeeper" provisions require leave of the Bankruptcy Court before claims can be pursued against Mr. Seery:

- In January 2020, Mr. Dondero personally agreed to the initial "gatekeeper" provision as part of a broader corporate governance settlement adopted to avoid the appointment of a chapter 11 trustee;[6]

- In June 2021, each of Messrs. Dondero and Patrick was found in contempt of court for violating "gatekeeper" provisions;[7] and

- Entities controlled by Mr. Dondero are using all available means to overturn or circumvent the "gatekeeper" provision in Highland's Plan.[8]

7. Consequently, HMIT cannot claim that it was unaware of the need to seek leave of the Bankruptcy Court before pursuing claims against Mr. Seery. It has known of the orders in various forms for more than three years.

---

[6] *See Order Approving Settlement with Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course*, Bankr. Docket No. 339 ¶10.

[7] *See Memorandum Opinion and Order Holding Certain Parties and Their Attorneys in Civil Contempt of Court for Violation of Bankruptcy Court Orders* [Bankr. Doc. No. 2660], *aff'd*, Case No. 3:21-cv-01974-X [Doc. No. 49] (N.D. Tex. 2022).

[8] *See, e.g.*, *Statement by NexPoint Advisors, L.P. and Highland Capital Management Fund Advisors, L.P. of Issues on Appeal* [Docket No. 3693] ¶3. *See generally NexPoint Advisors, L.P. v. Highland Cap. Mgmt., L.P.*, No. 22-669 (U.S. Sup. Ct.).

**B.     HMIT's Alleged "Information and Beliefs" Have Long Been Known**

8.      HMIT's alleged "information and beliefs" that form the (flimsy) basis for the Complaint have been known to HMIT since 2021 and were created to try to get past the "gatekeeper" provisions:

- On December 10, 2020, the Bankruptcy Court entered a temporary restraining order ("TRO") prohibiting Mr. Dondero from, among other things, communicating with Mr. Seery unless Highland's counsel was included in such communications;[9]

- On December 17, 2020, in violation of the TRO, Mr. Dondero (then no longer affiliated with HCMLP) sent an unsolicited email to Mr. Seery (and others) containing what Mr. Dondero claims was "material, non-public inside information" that Mr. Dondero obtained in his capacity as a member of the MGM board;[10]

- In the spring of 2021, Mr. Dondero allegedly spoke with Michael Linn of Farallon and (Mr. Dondero contends) learned that Mr. Seery and Farallon engaged in alleged wrongdoing;

- In April 2021, Mr. Dondero's "charitable" entities filed an *Original Complaint* in the District Court in which they alleged—just as HMIT does in its proposed Complaint—that Mr. Seery engaged in wrongful conduct in connection with the Bankruptcy Court -approved HarbourVest settlement;[11]

- In July 2021, Mr. Dondero personally verified a petition in the first Texas state court 202 case (the "First 202 Petition") in which he baselessly alleged that Mr. Seery used material, non-public information to entice his "age-old" friends at Farallon to unlawfully purchase claims in order to somehow enrich Mr. Seery [Morris Dec. Ex. A ¶¶20-23];

- In October 2021, Mr. Dondero's counsel, Douglas Draper (supposedly representing Mr. Dondero's "Dugaboy Trust"), sent a 12-page letter (with dozens of pages of attachments) to the EOUST requesting an investigation into, among other things, "the circumstances surrounding the sale of claims" by members of the HCMLP official committee of unsecured creditors and whether "non-public inside information was furnished to claims purchasers" [Morris Dec. Ex. D] (the "First EOUST Letter");

---

[9] *See Order Granting Debtor's Motion for a Temporary Restraining Order Against James Dondero*, Bankr. Adv. Pro. 20-03190-sgj, Docket No. 10.

[10] *See Declaration of James Dondero, sworn to February 15, 2023* [¶ 3, Ex. 1] attached as **Exhibit G** to the *Declaration of John A. Morris in Support of the Highland Parties' Objection to Hunter Mountain Investment Trust's Application for Expedited Hearing on Emergency Motion for Leave to File Verified Adversary Proceeding* ("Morris Dec.") being filed simultaneously with this Objection.

[11] *See Original Complaint*, Case No. 3:21-cv-00842-B (N.D. Tex. 2021), Docket No. 1 ¶ 77.

- In November 2021, another of Mr. Dondero's lawyers, Davor Rukavina (supposedly representing different Dondero entities NexPoint Advisors, L.P. and Highland Capital Management Fund Advisors, L.P. which Mr. Rukavina admitted were "affiliated with and controlled by James Dondero"), sent a nearly identical 19-page letter (with dozens of pages of attachments) to the EOUST providing "information" about alleged unlawful claims trading, insider trading, and breaches of fiduciary duties [Morris Dec. Ex. E] (the "Second EOUST Letter" and, together with the First EOUST Letter, the "Letters");

- In May 2022, Mr. Dondero personally verified an amended petition amending the First 202 Petition [Morris Dec. Ex. B ¶¶ 17-29];

- On June 1, 2022, the state court in Texas denied the First 202 Petition and dismissed the case [Morris Dec. Ex. C];

- In January 2023, seven months after the First 202 Petition was dismissed, HMIT filed a new Rule 202 petition (this time verified by Mr. Patrick) in a different Texas state court (the "Second 202 Petition") that replayed and embellished the baseless allegations of unlawful claims trading, insider trading, and breaches of fiduciary duties that purport to support the Complaint subject to the Underlying Motion [Morris Dec. Ex. F ¶¶16-24];

- In January 2023, Mr. Dondero filed a yet another declaration in connection with the Second 202 Petition in which he swore under oath to seemingly significant facts that were curiously and conspicuously omitted from his original verified petition or his verified amended petition [*Compare* Morris Dec. Ex. G *with* Morris Dec. Exs. A and B]; and

- On March 8, 2023, the (different) state court in Texas denied the Second 202 Petition and dismissed the case [Morris Dec. Ex. C].

9.  Based on the forgoing, it is indisputable that Mr. Dondero and HMIT knew of the bases of HMIT's alleged claims no later than the spring in 2021. Rather than seek leave from the Bankruptcy Court to pursue claims against Mr. Seery, which Mr. Dondero and HMIT knew was required under the "gatekeeper" provisions, Mr. Dondero and HMIT knowingly and intentionally chose to spend more than a year and a half pressing their allegations to the EOUST and to two different Texas state courts, all to no avail.[12]

---

[12] To date, the Highland Parties have not received any communications or requests for information from the EOUST or any other branch or office of the United States Department of Justice concerning any of the false allegations at issue.

**C.      Despite the Resulting Prejudice, the Highland Parties Will Respond to the Underlying Appeal on an Expedited Basis**

10.     HMIT acknowledges that, by rule, the Highland Parties (and the other putative defendants) have 14 days to file their substantive opposition to the Underlying Appeal.

11.     Nevertheless, lest HMIT attempt to shift blame for the consequences of its own transparently strategic decisions, the Highland Parties intend to file their opposition to the Underlying Appeal on Thursday, April 13 by 5:00 pm Central Time, and request that any replies be filed and served on Friday, April 14 by 12:00 pm Central Time.

## CONCLUSION

WHEREFORE, the Highland Parties respectfully request that the Court deny the Motion to Expedite and enter an order setting an expedited briefing schedule whereby (a) oppositions to the Underlying Appeal shall be served and filed on Thursday, April 13 by 5:00 pm Central Time, and (b) any replies shall be served and filed on Friday, April 14 by 12:00 pm Central Time.

| | |
|---|---|
| Dated: April 10, 2023 | **PACHULSKI STANG ZIEHL & JONES LLP**<br><br>Jeffrey N. Pomerantz (CA Bar No. 143717)<br>John A. Morris (NY Bar No. 2405397)<br>Gregory V. Demo (NY Bar No. 5371992)<br>Hayley R. Winograd (NY Bar No. 5612569)<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-6910<br>Facsimile: (310) 201-0760<br>Email: jpomerantz@pszjlaw.com<br>         jmorris@pszjlaw.com<br>         gdemo@pszjlaw.com<br>         hwinograd@pszjlaw.com<br><br>-and-<br><br>**HAYWARD PLLC**<br><br>*/s/ Zachery Z. Annable*<br>Melissa S. Hayward (Texas Bar No. 24044908)<br>Zachery Z. Annable (Texas Bar No. 24053075)<br>10501 N. Central Expy, Ste. 106<br>Dallas, Texas 75231<br>Telephone: (972) 755-7100<br>Facsimile: (972) 755-7110<br>Email: MHayward@HaywardFirm.com<br>         ZAnnable@HaywardFirm.com<br><br>*Counsel for the Highland Parties* |