Brent R. McIlwain, TSB 24013140
David C. Schulte, TSB 24037456
Christopher A. Bailey, TSB 24104598
Holland & Knight LLP
1722 Routh Street, Suite 1500
Dallas, TX  75201
Tel.:    (214) 964-9500
Fax:    (214) 964-9501
brent.mcilwain@hklaw.com
david.schulte@hklaw.com
chris.bailey@hklaw.com

COUNSEL TO MUCK HOLDINGS, LLC,
JESSUP HOLDINGS LLC,
FARALLON CAPITAL MANAGEMENT, L.L.C., AND
STONEHILL CAPITAL MANAGEMENT LLC

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>Highland Capital Management, L.P.<br><br>Debtor. | |
| Hunter Mountain Investment Trust<br><br>Appellant,<br><br>     v.<br><br>Highland Capital Management, L.P.; James P. Seery, Jr., solely in his capacities as Chief Executive Officer of HCMLP and the Claimant Trustee; Muck Holdings, LLC; Jessup Holdings LLC; Farallon Capital Management, L.L.C.; and Stonehill Capital Management LLC<br><br>Appellees. | Civil Case No. 3:23-cv-00737-N |

## CLAIM PURCHASERS' OBJECTION TO HUNTER MOUNTAIN INVESTMENT TRUST'S OPPOSED MOTION FOR EXPEDITED BRIEFING SCHEDULE ON MOTION FOR INTERLOCUTORY APPEAL

Muck Holdings, LLC ("Muck"), Jessup Holdings LLC ("Jessup"), Farallon Capital Management, L.L.C. ("Farallon"), and Stonehill Capital Management LLC ("Stonehill", and collectively, with Muck, Jessup, and Farallon, the "Claims Purchasers") file this objection to the motion of Hunter Mountain Investment Trust ("HMIT") for an expedited briefing schedule on its motion for interlocutory appeal.[1] In support, the Claims Purchasers respectfully state as follows:

## OBJECTION

1.      As the Bankruptcy Court recognized in its *Order Denying Application for Expedited Hearing* [Bankruptcy Dkt. No. 3713] (the "Denial Order"), "no emergency or other good cause exists [to expedite HMIT's *Emergency Motion for Leave to Filed Verified Adversary Proceeding*], pursuant to Fed. R. Bankr. Proc. 9006 . . . ."  Denial Order, p. 2. "While Movant, HMIT, has alleged that it may be facing a statute of limitations defense as to some claims after April 16, 2023, it appears that Movant has known about the conduct underlying the desired lawsuit for well over a year, based on activity that has occurred in the bankruptcy court. Thus, the need for an emergency hearing is dubious." Denial Order, p. 3 (internal citations omitted).

2.      A bankruptcy court's determination regarding the shortening of time under FED. R. BANKR. P. 9006(c)(1) is reviewed for an abuse of discretion. *See, e.g.*, FED. R. BANKR. P. 9006(c)(1) (a bankruptcy court may shorten notice periods "for cause shown … in its discretion."); *In re Foster*, 435 B.R. 650, 655 (B.A.P. 9th Cir. 2010) ("We review the bankruptcy court's decision to shorten the notice period on a motion for summary judgment for an abuse of discretion.") (abrogated on other grounds); *In re Trans World Airlines, Inc.*, No. 92-115, 1993 WL 559245, at

---

[1]      HMIT filed its *Emergency Motion for Leave to File Interlocutory Appeal* [Dkt. No. 3718] (the "Motion to Appeal") on April 4, 2023. HMIT then filed its *Opposed Motion for Expedited Briefing Schedule on Motion for Interlocutory Appeal* [Civil Dkt. No. 4] (the "Motion to Expedite Appeal"). This objection is limited to the Motion to Expedite Appeal and does not address in detail the substantive issues raised in the Motion to Appeal. Rather, as explained below, the Claims Purchasers should have a reasonable period of time, on a normal briefing schedule, to fully address the Motion for Leave.

*7 (D. Del. June 22, 1993) (reviewing the denial of a motion to shorten time using the "abuse of discretion" standard); *In re CJ Holding Co.*, 597 B.R. 597, 604 (S.D. Tex. 2019) ("Matters within a bankruptcy judge's discretion are reviewed for abuse of discretion.") (*citing In re Gandy*, 299 F.3d 489, 494 (5th Cir. 2002)). "A bankruptcy court abuses its discretion when it applies an improper legal standard or bases its decision on clearly erroneous findings of fact." *In re Crager*, 691 F.3d 671, 675 (5th Cir. 2012). Here, the Bankruptcy Court did not abuse its discretion, and HMIT has not shown otherwise. The Bankruptcy Court found that "no emergency or other good cause exist[ed]" that warranted granting the Motion to Expedite Complaint (as defined below), and identified specific facts and circumstances underpinning its holding. *See, e.g.*, Denial Motion at p. 2, 3. HMIT has not shown that the Bankruptcy Court applied an improper legal standard or that the Bankruptcy Court based its decision on clearly erroneous findings of fact. For this reason alone, this Court should deny the Motion to Expedite Appeal.

3.      In any event, the stated emergency facing HMIT is that "one or more of the Proposed Defendants will ***argue, depending upon choice of law****, that the statute of limitations **may bar** some of the common law claims…" Motion to Appeal, ¶ 18 (emphasis added). HMIT does not state that any of its claims **will be** time barred, only that certain defendants will argue that certain causes of action **may be** time barred. *Id*. HMIT indicates that any statute of limitations defense depends on the outcome of a choice of law analysis. *Id*. Yet, HMIT takes no position on what law would apply, whether the claims would actually be time-barred, and in fact, does not even identify what claims are potentially time-barred. Such information is vital to allow this Court to determine first, whether an actual emergency exists or whether HMIT brings only a hypothetical problem to the Court, and second, if there is an actual emergency, whether it exists for legitimate reasons or due only to HMIT's lack of good faith and/or diligence.

4.       Moreover, it is HMIT's lack of diligence and its attempts to avoid the Bankruptcy Court, that place HMIT in the position in which it now finds itself. Rather than pursue pre-suit discovery under FED. R. BANKR. P. 2004, James Dondero[2] made the strategic decision in July 2021 to pursue pre-suit discovery under TEX. R. CIV. P. 202 ("Rule 202"), targeting Farallon and Alvarez & Marsal, in the 95th Judicial District Court of Dallas County Texas (the "First 202"). *See In Re: James Dondero*, Cause No. DC-21-09534 in the 95th Judicial District Court of Dallas County Texas.  Farallon and Alvarez & Marsal removed the case to the Bankruptcy Court given the subject matter of the requested discovery. After extensive briefing and a hearing, due to misalignment of the caselaw to the uniqueness of a Rule 202 proceeding as applied to a bankruptcy case, the Court remanded the First 202 to the Texas state court "with grave misgivings." *Dondero v. Alvarez & Marsal CRF Mgmt., LLC*, Adv. No. 21-03051, 2022 Bankr. LEXIS 5, *31-32 (Bankr. N.D. Tex. 2022) (Jernigan, J.). The state court ultimately denied and dismissed the First 202 on June 1, 2022.

5.       Rather than seek pre-suit discovery under Rule 2004 in the Bankruptcy Court, Dondero waited more than six months and, on January 20, 2023, filed a new Rule 202 petition through HMIT—raising the same issues related to claims trading as in the First 202, based on the same allegations of misconduct by Seery—but now in a different Texas state court: *In re: Hunter Mountain Investment Trust*, Cause No. DC-23-01004, in the 191st Judicial District of Dallas County Texas (the "Second 202"). The target of the Second 202 was once again Farallon, with the addition of Stonehill. HMIT, undeterred by the dismissal of the First 202, carefully avoided not only the Bankruptcy Court (through a proper request for discovery under Rule 2004), but also the 95th Judicial District Court that dismissed the First 202, and sought to convince yet another state

---

[2]       Upon information and belief Mr. Dondero is an insider and/or affiliate of HMIT.

court judge that it had a valid basis to "investigate" claims purchases in a bankruptcy proceeding. The Second 202 met the same fate as the first: it was denied and dismissed on March 8, 2023.

6.      It is against this backdrop that HMIT requested that the Bankruptcy Court treat its *Emergency Motion for Leave to Filed Verified Adversary Proceeding* [Dkt. No. 3699] ("Motion to File Complaint") as an emergency. *See* HMIT's *Opposed Application for Expedited Hearing on Emergency Motion for Leave to File Verified Adversary Proceeding* [Dkt. No. 3700] ("Motion to Expedite Complaint"). It simply was not, and the Bankruptcy Court determined as much.

7.      Dissatisfied with the determination of the Bankruptcy Court, HMIT now seeks to appeal the denial of its Motion to Expedite Complaint, and expedite the briefing on such appeal, requesting any responses to the Motion to Appeal be filed on two business-days' notice, during Passover and over Easter Weekend—which the Court has obviously not granted at this point. HMIT's request is simply unreasonable, and the Motion to Expedite Appeal should be denied for many of the same reasons that the Motion to Expedite Complaint was denied.

8.      First, the Motion to Appeal raises several new issues that were not raised in the original Motion to Expedite Complaint—which is the subject of this appeal—including what can only be described as asking for an advisory opinion on whether the filing of the Motion to File Complaint tolls any statute of limitations on claims HMIT seeks to assert. Motion to Appeal, ¶ 12 ("[Issue Presented:] Does *Newby v. Enron Corp.*, 542 F.3d 463, 470 (5th Cir. 2008) require a finding by the Honorable District Court that the filing of the Motion for Leave tolled the applicable statutes of limitations so that (i) the date of the Bankruptcy Court's scheduled hearing on the Emergency Motion for Leave is irrelevant and (ii) therefore, this Emergency Motion for leave to appeal should be denied?"). The Claims Purchasers are entitled to a reasonable opportunity to analyze and respond to the issues raised on a normal briefing schedule.

9.      Second, the claimed emergency warranting the expedited appeal is an emergency of HMIT's own making. HMIT was dilatory in filing the Motion to File Complaint, and now claims that absent expedited relief, its claims could potentially be time-barred. HMIT has known about the facts and circumstances underlying its proposed complaint for at least a year. *See* Denial Order, ¶ 3 ("[I]t appears that Movant has known about the conduct underlying the desired lawsuit for well over a year…"). The Claim Purchasers should not be prejudiced by an unreasonable response deadline because of HMIT's own conduct and lack of action. If time really was of the essence, as HMIT now claims, HMIT should have acted like it before now.

10.     Finally, HMIT is apparently of the belief that no emergency exists, as it recently "has become aware of authority holding that the filing of the Emergency Motion for Leave, with the attached proposed Adversary Proceeding, likely tolls the applicable statutes of limitations as to at least one of the Proposed Defendants, so that the hearing date set by the Bankruptcy Court may be irrelevant…" Motion to Appeal, ¶ 8. Despite asserting that the date of a hearing on the Motion to File Complaint is potentially irrelevant, HMIT still seeks to prejudice the Claims Purchasers by seeking to overturn the Denial Order through an expedited appeal, and it still seeks to have the Court and the Claims Purchasers drop everything else to deal with this Motion to Expedite Appeal. The Claims Purchasers are entitled to a reasonable time, on a normal briefing schedule, to respond to the Motion to Appeal, especially given that HMIT is of the belief that an emergency may no longer exist. Accordingly, the Motion to Expedite Appeal should be denied.[3]

---

[3]     While not technically at issue in the Motion to Expedite Appeal, an interlocutory appeal of a motion to expedite a hearing is inappropriate under binding precedent. As this court has held, an interlocutory appeal requires three elements: (1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation. *See, e.g.*, *Spencer ad hoc Equity Comm. v. Idearc, Inc.*, No. 09-CV-2315-F888, at *2 (N.D. Tex. May 14, 2010). Here, none of these three elements is met. HMIT is appealing the denial of a motion to expedite a hearing on a 37-page motion with 350 pages of attachments, which hearing was sought on three (3) days' notice. A bankruptcy court may only shorten required notice

WHEREFORE, the Claims Purchasers respectfully request that the Court deny the Motion to Expedite Appeal and grant the Claims Purchasers such other and further relief as is just and proper.

Dated:  April 10, 2023

HOLLAND & KNIGHT LLP

By: /s/ Christopher A. Bailey
Brent R. McIlwain, TSB 24013140
David C. Schulte, TSB 24037456
Christopher A. Bailey, TSB 24104598
Holland & Knight LLP
1722 Routh Street, Suite 1500
Dallas, TX  75201
Tel.:    (214) 964-9500
Fax      (214) 964-9501
brent.mcilwain@hklaw.com
david.schulte@hklaw.com
chris.bailey@hklaw.com

COUNSEL TO MUCK HOLDINGS, LLC,
JESSUP HOLDINGS LLC, FARALLON
CAPITAL MANAGEMENT, L.L.C., AND
STONEHILL CAPITAL MANAGEMENT LLC

---

periods under rule 9006(c)(1) "for cause shown." FED. R. BANKR. P. 9006(c)(1). The Bankruptcy Court applied this standard. *See* Denial Order, p. 2 ("The Court has determined that no emergency or other good cause exists."). HMIT does not dispute that the "for cause shown" standard applies under the circumstances, but only disputes whether the factual underpinnings of the Motion to Expedite Complaint warranted granting its motion. Accordingly, HMIT's appeal is based upon factual determinations, not controlling issues of law, and thus the first element is not met. Further, the Bankruptcy Court found that the legal theories asserted "are novel in the bankruptcy claims trading context," and found that it would need to "analyze whether such claims are 'colorable' such that leave to sue should be granted." Denial Order, p. 2. There is little ground for difference of opinion that three days is not enough time for a reasoned analysis and response to the Motion to File Complaint to take place. Finally, an immediate appeal would not materially advance the ultimate termination of the litigation. Per the Motion to Expedite Appeal, "[g]ood cause exists because of a fast-approaching date (April 16, 2023) that at least one of the Proposed Defendants will argue, depending on choice of law, that the statute of limitations may bar *some of the common law claims.*" Motion to Expedite Appeal, ¶ 4 (emphasis added). Regardless of the outcome on appeal, HMIT represents that only some, but not all, of the claims could be affected, and thus litigation would continue. Therefore, the termination of litigation would not be materially advanced.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, and served upon all parties receiving notice pursuant to the CM/ECF system on this the 10th day of April, 2023.

*/s/ Christopher Bailey*
Christopher Bailey
