Sawnie A. McEntire
State Bar No. 13590100
smcentire@pmmlaw.com
1700 Pacific Avenue, Suite 4400
Dallas, Texas 75201
Telephone: (214) 237-4300
Facsimile: (214) 237-4340

Roger L. McCleary
State Bar No. 13393700
rmccleary@pmmlaw.com
One Riverway, Suite 1800
Houston, Texas 77056
Telephone: (713) 960-7315
Facsimile: (713) 960-7347

*Attorneys for Petitioner Hunter Mountain Investment Trust*

IN THE UNITED STATES DISTRICT COURT
IN THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **HUNTER MOUNTAIN INVESTMENT TRUST** | § § § | |
| Appellant, | § § | **Case No. 3:23-cv-00737-N** |
| **MUCK HOLDINGS, LLC, et al** | § § § | |
| Appellees. | § | |

**HUNTER MOUNTAIN INVESTMENT TRUST'S COMBINED RESPONSE TO (1) THE "HIGHLAND PARTIES'" OBJECTION TO HUNTER MOUNTAIN INVESTMENT TRUST'S OPPOSED MOTION FOR EXPEDITED BRIEFING SCHEDULE ON MOTION FOR INTERLOCUTORY APPEAL, AND (2) CLAIM PURCHASERS' OBJECTION TO HUNTER MOUNTAIN INVESTMENT TRUST'S**

[1]

## OPPOSED MOTION FOR EXPEDITED BRIEFING SCHEDULE ON MOTION FOR <u>INTERLOCUTORY APPEAL</u>

Hunter Mountain Investment Trust ("HMIT" or "Movant"), submits its Combined Response ("Response") to (1) The "Highland Parties'" Objection to Hunter Mountain Investment Trust's Opposed Motion for Expedited Briefing Schedule on Motion for Interlocutory Appeal [Doc. 6] (the "Seery Parties' Objection"), and (2) Claim Purchasers' Objection to Hunter Mountain Investment Trust's Opposed Motion for Expedited Briefing Schedule on Motion For Interlocutory Appeal [Doc. 8] ("Claim Purchasers' Objection") (the Seery Parties' Objection and the Claims Purchasers' Objection are collectively referred to as the "Objections"). For same, Movant respectfully states the following:

1. The Objections are transparent and lack merit. They reflect an unfair effort to run out the clock and seek to deprive HMIT of a remedy on some of its proposed claims. Both Objections request that Movant's Opposed Motion for Expedited Briefing Schedule on Motion for Interlocutory Appeal [Document No. 4] (the "Motion to Expedite") be denied. The Seery Parties' Objection proposes to file their substantive response to the underlying interlocutory appeal by 5:00 p.m. on Thursday, April 13, and requests that any reply be filed by noon on April 14 (or as otherwise determined by this Court). Clearly, this is calculated to further delay any final ruling on Hunter Mountain Investment Trust's Emergency Motion for Leave to File Interlocutory Appeal [Doc. 1-1]

("Emergency Motion") – and by extension, any ruling on the underlying Emergency Motion for Leave to File Verified Adversary Proceeding [Doc. 3699] ("Adversary Motion")[1] – until after April 16, 2023. This is a date that at least one of the Proposed Defendants[2] will argue is a limitations deadline for one or more of HMIT's proposed claims.[3] Under this suggested timeframe, it would be impossible for this Court to grant the interlocutory appeal, remand the proceedings to the Bankruptcy Court for further consideration, and provide HMIT an opportunity to appeal the Bankruptcy Court's decision, if necessary, and to file the Proposed Adversary Proceeding before April 16, 2023.

2. The Objections also rely on factually unsupported and legally irrelevant arguments attempting to lump HMIT with Mr. James Dondero and other entities. Movant is a separate and distinct legal entity, and any arguments otherwise are intended as distractions that are not appropriate for consideration here.

3. Furthermore, HMIT has a right to file its claims (and claims on behalf of the Reorganized Debtor and the Claimant Trust) before any potential limitations deadline,

---

[1] Doc. 3699 in the Debtor's bankruptcy proceedings (Case No. 19-34054-sgj11 (Bankr. N.D. Tex.).
[2] Muck Holdings, LLC ("Muck"), Jessup Holdings, LLC ("Jessup"), Farallon Capital Management, LLC ("Farallon"), Stonehill Capital Management, LLC ("Stonehill"), James P. Seery, Jr. ("Seery"), and John Doe Defendant Nos. 1-10 are collectively referred to in this response as the "Proposed Defendants."
[3] *See* The Highland Parties' Objection to Hunter Mountain Investment Trust's Opposed Application for Expedited Hearing on Emergency Motion for Leave to File Verified Adversary Proceeding, Doc. 3707, in the Debtor's bankruptcy proceedings (Case No. 19-34054-sgj11 (Bankr. N.D. Tex.). Curiously, this Objection is purportedly filed on behalf of the so-called "Highland Parties," which ostensibly includes the Reorganized Debtor and the Highland Claimant Trust. Yet, HMIT is seeking to represent these entities in a derivative action that would benefit these entities. Therefore, the Objection is contrary to the best interests of both the Reorganized Debtor and the Highland Claimant Trust.

and this right should be recognized and protected, regardless of when HMIT purportedly may have been on notice of any such claims. The Objections offer no legal authority to the contrary.

4. One of the Objections also raises the issue of equitable tolling. While HMIT believes that equitable tolling will be available as to one or more of the Proposed Defendants, it is clear that none of the Respondents, as Proposed Defendants, have agreed that equitable tolling is available to HMIT as to *any* of the Proposed Defendants, much less all of the Proposed Defendants.[4] Therefore, the Respondents seek to impose the risk of a future judicial determination concerning equitable tolling on HMIT. This is inappropriate because HMIT timely filed its Motion for Leave within any potential statute of limitations, seeking permission from the Bankruptcy Court to proceed under its gatekeeping orders—almost two (2) weeks ago. It is the Respondents' delay tactics, together with the Bankruptcy Court's erroneous Order, which has created the current procedural obstacles.

5. The Claims Purchasers' Objections also argues that HMIT has not established that April 16, 2023, is a limitations deadline. However, it is abundantly clear that James P. Seery, Jr., one of the Proposed Defendants, is arguing that this is an

---

[4] The record also shows that none of the Proposed Defendants agreed to a tolling agreement even though requested to do so. *See* Hunter Mountain Investment Trust's Emergency Motion for Leave to File Interlocutory Appeal, Doc. 1-1, Exhibits 2-3, attached thereto (e-mails requesting tolling agreements).

imminently "ripening" limitations deadline.[5] Indeed, Seery encouraged the Bankruptcy Court to not intervene stating:

> It is hard to imagine a greater prejudice that could be imposed on a putative defendant than a court intervening to thwart a complete and valid affirmative defense that is on the cusp of ripening....[6]

This statement confirms the risks that the Respondents are seeking to impose upon HMIT while they offer no authority to support their requests for delay.

6. HMIT respectfully submits that the Objections should be denied. HMIT also reserves the right to seek mandamus relief in the appropriate forum, and given the time constraints involved, HMIT believes it may be necessary to pursue mandamus in the event appropriate relief is not granted by approximately 3:00 P.M. (Central) on Tuesday, April 11, 2023. This would allow HMIT to take additional action on April 11, 2023, if necessary.

WHEREFORE, Hunter Mountain Investment Trust, as Movant, respectfully requests this Court grant the Emergency Motion, or, alternatively, such other and further relief to which it may be justly entitled.

DATED: April 10, 2023

---

[5] The Highland Parties' Objection to Hunter Mountain Investment Trust's Opposed Application for Expedited Hearing on Emergency Motion for Leave to File Verified Adversary Proceeding, Doc. 3707, in the Debtor's bankruptcy proceedings (Case No. 19-34054-sgj11 (Bankr. N.D. Tex.).
[6] *Id. at* ¶ 17.

Respectfully Submitted,

**PARSONS MCENTIRE MCCLEARY PLLC**

By: /s/ Sawnie A. McEntire
Sawnie A. McEntire
State Bar No. 13590100
smcentire@pmmlaw.com
1700 Pacific Avenue, Suite 4400
Dallas, Texas 75201
Telephone: (214) 237-4300
Facsimile: (214) 237-4340

Roger L. McCleary
State Bar No. 13393700
rmccleary@pmmlaw.com
One Riverway, Suite 1800
Houston, Texas 77056
Telephone: (713) 960-7315
Facsimile: (713) 960-7347

*Attorneys for Hunter Mountain Investment Trust*

## CERTIFICATE OF SERVICE

I certify that on the 10th day of April 2023, a true and correct copy of the foregoing Motion was served on all counsel of record or, as appropriate, on the Respondents directly.

/s/ Sawnie A. McEntire
Sawnie A. McEntire