IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HUNTER MOUNTAIN INVESTMENT TRUST, § § § | | |
| Appellant, § § | | |
| v. § § | Civil Action No. 3:23-CV-737-N | |
| MUCK HOLDINGS, *et al.*, § § § | | |
| Appellees. § | | |

## ORDER

This Order addresses Appellant Hunter Mountain Investment Trust's ("Hunter Mountain") Emergency Motion for Leave to File Interlocutory Appeal [1-1]. Because Hunter Mountain has not satisfied the 28 U.S.C. § 1292(b) standard for interlocutory appeals, the Court denies the motion.

The decision to grant an interlocutory appeal is firmly within the district court's discretion. *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d. 718, 722 (N.D. Tex. 2006) (internal citation omitted). Courts in the Fifth Circuit apply the standard from 28 U.S.C. § 1292(b) governing interlocutory appeals generally to decide whether to grant leave for an appeal from interlocutory orders of a bankruptcy court. *In re Hallwood Energy, L.P.*, 2013 WL 524418, at *2 (N.D. Tex. 2013) (internal citations omitted). Section 1292(b) appeals are limited to "controlling question[s] of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id*. (quoting 28 U.S.C. § 1292(b)) (internal

quotation marks omitted). Interlocutory appeals are appropriate only in "exceptional" circumstances. *Id.*

Here, Hunter Mountain asks the Court for leave to file an interlocutory appeal to contest the hearing date set by the bankruptcy court. But Hunter Mountain has not shown that an immediate appeal prior to the hearing, as opposed to an appeal after the Bankruptcy Court rules on the applicability of any limitations defenses, will materially advance the ultimate termination of the litigation. Moreover, interfering with routine scheduling matters in the bankruptcy court does not rise to the level of exceptional circumstances, and accordingly, the Court denies Hunter Mountain leave to file an interlocutory appeal.[1]

Signed April 11, 2023.

David C. Godbey
Chief United States District Judge

---

[1] The Motion for Expedited Briefing Schedule on Motion for Interlocutory Appeal [4] is denied as moot.

ORDER – PAGE 2